# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| BELLA HOUSTON HEIGHTS | § | CASE NO. 26-40515 |
| | § | (E.D. Texas, Sherman Division) |
| DEBTOR, | § | |

_____

| | | |
|---|---|---|
| NICHOLAS FUGEDI, | § | |
| AS TRUSTEE of THE CARB | § | |
| PURA VIDA TRUST, | § | |
| | § | |
| Plaintiff, | § | |

---

**FUGEDI AS TRUSTEE'S MOTION TO LIFT STAY TO ALLOW STATE COURT LITIGATION TO PROCEED RELATING TO TILE TO REAL PROPERTY AND WAIVER OF 30-DAY REQUIREMENT AND REQUEST FOR HEARING IN PLANO, TEXAS**

---

### 14-DAY NEGATIVE NOTICE – LBR 4001-1

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

## I.    INTRODUCTION

Nicholas Fugedi, in his capacity as Trustee of the CARB Pura Vida Trust ("Plaintiff" or "Fugedi"), and moves the Court for an order to lift the automatic stay arising out of the bankruptcy proceeding filed in this Court by BELLA HOUSTON HEIGHTS ("BHH" or "Debtor").  The lift of stay is warranted so Plaintiff and the Steadfast Defendants can conclude their title dispute in the State District Court.  Allowing the State Court Proceeding to conclude will best serve all interested parties because it is the most efficient way to resolve disputes between the Steadfast Partie and Plaintiff that would otherwise have to be relitigated from square one in District Court.

## II.    BACKGROUND

1.       The present case is over six years old. It involves real property in the Houston Heights that is now in deplorable condition and constitutes a health and safety hazard. The Steadfast Defendants who are the original defendants in the Galveston Case filed on August 1, 2019 filed numerous state and federal cases across the state to evade a final judgment as to ownership.

2.       Plaintiff filed this lawsuit six years ago as a diversity action against the Steadfast Defendants in the "Galveston Case." In that case, *Fugedi as Tr. Carb Pura Vida Tr. v. United Rentals, Inc.*, 2024 WL 1658249 (S.D.Tex. 2024), Judge Andrew Edison found the following undisputed facts:

- Fugedi is a valid trustee.

- Fugedi holds a valid deed to the Property,

- Fugedi purchased the Property for $275,000.00 cash and executed a $2,500,000.00 note ("the Note") in favor of Yale as consideration,

- the Property is owned by an irrevocable trust. See fn. 16.

3.      To avoid a final merits decision in federal court, the Steadfast Defendants challenged the federal court's diversity jurisdiction. The Fifth Circuit dismissed the federal case in Sept. 2025 for lack of diversity jurisdiction. See *Fugedi as Trustee v. Initram, Inc.*, 150 F.4th 690, No. 24-40283 (5th Cir. September 9, 2025).

The case Debtor removed, 2025-68373, (the "190th District Court Case") was filed on September 15, 2025. Pursuant to the Texas Relation-Back Statute, Texas Civil Practice and Remedies Code § 16.068, the limitations savings clause for refiled actions after dismissal for lack of jurisdiction, the 190th District Court case is treated as if it was filed on August 1, 2019.

4.      After all parties answered Plaintiff moved for summary judgment on the same basis as that filed in the Galveston Case in 2020.  Plaintiff's summary judgment was set for decision for February 16, 2026 at 8:00A.M. That decision would have determined the title dispute as to all claimants after Plaintiff acquired the Property in July 2019.

5.      The Galveston Case Defendants are referred to as the Steadfast Defendants. Their president is Marc Sherrin who is close friends with Adam Bell, the sole owner of BHH (Debtor herein). While the Galveston Case was pending and the Fifth Circuit had ruled in the first appeal that Plaintiff was the owner of the Property, Marc Sherrin and Adam Bell entered into a "round-trip" transaction in which the Steadfast Defendants "deeded" the Property to Bell's company DEBTOR for no consideration.  Then that same day, DEBTOR "deeded" the same Property back to the Steadfast Defendants in a secret "Deed-Back."  This was to avoid the Fifth Court decision in *Fugedi v. Initram, Inc.*, 2022 WL 3716198, No. 21-40365 (August 29, 2022) which found Plaintiff was the owner of the Property.

6.      The Steadfast Defendants then engaged in blatant forum shopping filing identical lawsuits across the state over the same weekend. See Steadfast 829 Holdings, Inc. v. Fugedi, 2024 WL 1605336, Civil Action No. H-22-0905 (S.D. Texas 2024). To avoid a final disposition, the Steadfast Defendants filed numerous frivolous cases in state and federal court. Debtor is simply continuing his game of forum shopping the case back to federal court after they worked to avoid the federal court's deciding this case for Plaintiff in federal court. This federal revolving door has become a farce.

7.      The depositions and email and text evidence prove Debtor's owner discussed the Galveston Case with his friend Marc Sherrin during the entire six years it was pending. Adam Bell routinely gave Marc Sherrin litigation advice as to the Galveston Case. Yet, Debtor did not bother to intervene in the 190th case filed five months after the Galveston Case until just 23 minutes after the motion for summary judgment had been submitted to the court for a decision. The 190th District Court has already set the case for a jury trial.

8.      The federal courts having decided that Plaintiff is the owner of the Property, the Steadfast Defendants convinced them to deny Plaintiff diversity jurisdiction.  Plaintiff then went to the very state court where the Galveston Court specifically said the issue should be tried. After getting 34 defendants served they answered, Plaintiff moved for a dispositive motion on the merits. To avoid a final decision declaring again that Plaintiff is the owner of the Property, BHH, acting as Steadfast Defendants' "successor-in-interest," intervened, filed bankruptcy, and then removed the 190th District Court case to avoid the summary judgment.

9.      Finally, the Debtor has no interest in the Property, as revealed in a case in the 113th District Court, case number 2024-24958, in which Debtor is an actual party.  The deed purportedly went to Bella Houston Heights which at the time was identified by a d/b/a as Bella FourA, LLC.

Later, Adam Bell realized he had other assets in that LLC so he created Bella Houston Heights—a protected series of Bella FourA, LLC and then tried to "intervene in the 113th Case as "Bella FourA, LLC known as Bella Houston Heights"—("Bella Houston Heights" or "Intervenor") despite the fact that Bella Houston Heights was already a defendant.  The 113th Court struck the Bella Houston Heights—a protected series of Bella FourA, LLC.  As such, to the extent Debtor claims it is a "single-asset" LLC, that entity does not have any interest or claim of interest in the Property.

10.    The timeline of events on February 16, 2026, unequivocally demonstrates that BHH's intervention and subsequent removal were bad-faith, tactical maneuvers executed for the sole purpose of hijacking the state court's jurisdiction after the evidentiary record had closed:

- **8:00 AM:** Plaintiff's Motion for Traditional Summary Judgment on the Title Claim was officially submitted for decision to the 190th Judicial District Court.
- **8:23 AM:** Debtor filed a Petition in Intervention in the 190th Case.
- **11:37 AM:** Debtor filed its Chapter 11 voluntary petition (Case No. 26-40515).
- **3:42 PM:** Debtor filed its Notice of Removal of the 190th Case.

11.    The timeline establishes Debtor's intent to disrupt the 190th Court's ability to decide the pending title issue between Fugedi and the Steadfast Defendants. Tellingly, Debtor failed to remove the case in which Debtor has been a party to in the 113th District Court. In fact, Debtor didn't even list this case in its bankruptcy filing. The evidence of bad faith and gamesmanship is evident from Debtor's aiding the Steadfast Defendants avoid another decision on the merits.

12.    This removal is the product of an egregious tactical abuse of the bankruptcy system, part of a long pattern of vexatious litigation by the Steadfast Defendants and their successors, including Intervenor Bella Houston Heights. Plaintiff litigated his trespass-to-try-title claims in federal and state court for years, incurring significant expense to serve approximately 35 Defendants (who self-label as the "Steadfast Defendants") and secure an agreed judgment with

one. Plaintiff then filed a comprehensive motion for summary judgment on a property dispute concerning 829 Yale St., Houston, Texas (the "Property"). On February 16, 2026, at 8:00 AM, Plaintiff's Motion for Summary Judgment ("MSJ") was set for consideration by submission. After submission, with all evidence closed and the court deliberating, Bella Houston Heights—a non-party—launched a coordinated sequence: a late intervention at 8:23 AM, a bankruptcy filing in the Eastern District of Texas at 11:37 AM, and removal to this Court at 3:42 PM. This was designed solely to forum-shop and avoid a dispositive ruling

## III. ARGUMENT

13.     The stay should be lifted so Plaintiff can conclude the title dispute between Plaintiff and the Steadfast Defendants.

### A.  Judicial economy favors lifting the stay.

14.     Allowing the State Court to proceed would be efficient for all parties and this efficiency alone is a sufficient reason to lift the stay: "the decision to lift the stay may be upheld on judicial economy grounds alone." *In re Xenon Anesthesia of Tex.,* PLLC, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014).  This case is over six years old with the parties having already completed all discovery and briefed the issues in dispute. There is no reason to start that process over in this Court with the possibility of a jury trial in District Court.

### A.     The other relevant for-cause factors favor lifting the stay.

15.     Several of the other for-cause factors also favor relief from the stay. See *In re Xenon Anesthesia of Tex.,* PLLC, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014) (listing factors). The arbitration will not prejudice the interests of the other creditors. Determinations on questions of state law real property title claims that are driven exclusively from real property records will

neither prejudice nor affect in any way claims other creditors may have against the bankruptcy estate.

## VI.    CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court lift the automatic stay and allow Kelley and the Steadfast Defendants to resume the State District Court lawsuit to determine title and adjudicate the Steadfast Defendants liability for trespass.

Dated: February 26, 2026

Respectfully submitted,
/s/ J. Marcus Hill
J. Marcus Hill
State Bar No. 09638150
Hill & Hill PC
1770 St. James Place, Ste. 440
Houston, Texas 77056
(713) 688-6318
marc@hillpclaw.com
Attorney for Plaintiff

### CERTIFICATE OF CONFERENCE

On February 17, 2026, attorney's for Fugedi conferred via email with opposing counsel Howard Marc Spector the Debtor's attorney regarding this Motion to Lift Stay and no agreement was reached.

/s/ J. Marcus Hill

### CERTIFICATE OF SERVICE

My office served via ECF on February 17, 2026 to all counsel of record the Fugedi's Motion to Remand.

/s/ J. Marcus Hill