# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE:<br>BELLA HOUSTON HEIGHTS | §<br>§<br>§ | CASE NO. 26-40515<br>(E.D. Texas, Sherman Division) |
| DEBTOR, | § | |
| _____ | | _____ |
| NICHOLAS FUGEDI,<br>AS TRUSTEE of THE CARB<br>PURA VIDA TRUST, | §<br>§<br>§<br>§ | |
| Plaintiff, | §<br>§ | ADVERSARY NO. 26-03054 |
| v.<br>Interim Inc, (and 35 other<br>Defendants) | §<br>§<br>§<br>§ | (S.D. Texas, Houston Division)<br>(Jury Trial Requested) |
| Defendants.<br>BELLA FOUR A,<br>Putative Intervenor. | §<br>§<br>§<br>§ | |

## PLAINTIFF'S MOTION TO TRANSFER

### 21-DAY NEGATIVE NOTICE – LBR 9007-1(a):

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion/Objection/Application unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may**

**enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

**TO THE UNITED STATES BANKRUPTCY COURT**:

COMES NOW Nicholas Fugedi, in his capacity as Trustee of the CARB Pura Vida Trust ("Plaintiff" or "Fugedi" or "Movant"), and moves the Court, a creditor of Debtor and a party-in-interest in the above-styled bankruptcy case, and files this Motion to Transfer Venue to the United States Bankruptcy Court for the Southern District of Texas, Houston Division. In support, Movant respectfully shows the Court the following:

**I. PRELIMINARY STATEMENT**

1. This Chapter 11 case serves as a glaring example of forum shopping. The Debtor, **Bella Houston Heights**, filed this voluntary petition in the Sherman Division of the Eastern District of Texas on February 16, 2026. However, the Debtor has no meaningful connection to this District.

2. The Debtor's sole alleged asset is real property located at **829 Yale St., Houston, Texas 77007** (the "Property"), which is deep within the Southern District of Texas.

3. The Debtor's own petition lists the Property—situated in Houston—as its address.

4. The litigation that precipitated this filing has been pending in Houston state and federal courts for over six years.

5. All primary witnesses, creditors, and the Debtor's principal are located in or around Houston.

6. Pursuant to 28 U.S.C. § 1412 and FED. R. BANKR. P. 1014(a), this case should be transferred to the Southern District of Texas in the interest of justice and for the convenience of the parties.

**II. BACKGROUND**

7. **The Property is in Houston.** This bankruptcy involves a single-asset real estate entity. The asset is a dilapidated building located in the Houston Heights. The City of Houston has cited the Property for code violations, and it is the subject of a tax suit in Harris County.

8. **The Dispute is in Houston.** This bankruptcy was filed mere hours after Movant submitted a Motion for Summary Judgment regarding title to the Property in the 190th Judicial District Court of Harris County, Texas. The underlying dispute involves a Trespass to Try Title claim regarding the Houston real estate.

9. **The Witnesses are in Houston.** The key witnesses in this dispute include:

   o **Nicholas Fugedi (Movant):** The party claiming superior title.

   o **Adam Bell:** The Debtor's principal and owner, who resides in the

Houston area and has been involved in Houston-based litigation regarding this Property for years.

- **The "Steadfast" Defendants:** The group of defendants in the related state court litigation, including Marc Sherrin, who are based in and have been litigating in the Southern District of Texas.

- **City of Houston Officials:** Relevant for testimony regarding the code violations and public nuisance status of the Property.

### III. ARGUMENT AND AUTHORITIES

10. **Venue is Inconvenient in the Eastern District.** Under 28 U.S.C. § 1408(1), venue is proper where the debtor's domicile, residence, principal place of business, or principal assets are located. While a Texas created entity may technically satisfy venue in any of the four districts, 28 U.S.C. § 1412 provides that a district court "may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." This provides that a transfer to another district may be ordered in the interest of justice or for the convenience of the parties. Unlike general civil transfer under § 1404(a), which limits transfer to a district where the case "might have been brought," § 1412 is broader, allowing transfer to any district that serves the equitable and practical needs of the case.

11. If a debtor's choice of forum meets the requirements of the bankruptcy venue

statute, a presumption arises in favor of that choice, and the party seeking transfer of a bankruptcy case to a different venue has the burden of showing by a preponderance of the evidence that the transfer is warranted either in the interest of justice *or* for the convenience of the parties. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). The Fifth Circuit has cautioned, however, that a debtor's venue choice should not be given "undue weight." *Id*. at 309. Finally, the Court notes that "[t]here is no litmus test or set of hard and fast rules that offer precise guidance or transfer of venue, and the bankruptcy courts are left to a case-by-case determination based upon all relevant factors." *In re New Luxury Motors, LLC*, 2010 Bankr. LEXIS 753, 2010 WL 817204, at *3 (Bankr. S.D. Tex. Mar. 4, 2010).

12. **The "Interest of Justice" Favors Transfer.** Transfer of venue is appropriate to prevent an abuse of the judicial process. *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1391 (2d Cir. 1990). Here, the filing in the Eastern District appears calculated solely to evade the jurisdiction of the Houston courts that are intimately familiar with this six-year-old dispute. The Debtor's "11th-hour" filing—occurring 23 minutes after a dispositive motion was submitted in Harris County—suggests the venue choice was tactical rather than practical.

13. This Court has no meaningful connection to the pending disputes surrounding

the Property, or the Property itself. A real estate asset has a physical, permanent presence in a specific community. Its valuation, operation, and eventual disposition affect local taxing authorities, local utility providers, local tenants, and the local labor market. This Court, while undoubtedly capable, lacks the inherent familiarity with the Southern District's local real estate market conditions, zoning laws, and economic stressors. This "localized interest" factor is enhanced due to the fact that this is a SARE case, as the asset is the very definition of the local controversy.

14. **The "Convenience of the Parties" Dictates Transfer.** Courts in the Fifth Circuit apply the *Commonwealth Oil* factors to determine if transfer is appropriate. *In re Commonwealth Oil Ref. Co.*, 596 F.2d 1239, 1247 (5th Cir. 1979). Every factor supports transfer to Houston:

   o **(1) Proximity of Creditors:** The primary "creditors" or parties-in-interest are the Movant (title claimant) and the taxing authorities (Harris County), all located in the Southern District. The location of witnesses necessary for the administration of the estate is a "critical" factor in the convenience analysis. To allow this bankruptcy case to continue here in the Eastern District puts all witnesses in Houston beyond the reach of a subpoena. This geographical disparity creates a substantial burden on the very people whose testimony is required to determine property

value and title/ownership.

- **(2) Proximity of the Debtor:** The Debtor listed the 829 Yale address in Houston on its filings. Its principal, Adam Bell, operates in Houston.

- **(3) Proximity of Witnesses:** As detailed above, every material witness to the title dispute, the "sham" deed transaction, and the property's condition is in Houston. Traveling to the Sherman Division would impose an undue burden on these non-debtor parties.

- **(4) Location of Assets:** The single asset is in Houston. Administration of the estate—including any potential sale, inspection, or securing of the Property against code violations—cannot be efficiently managed from the Eastern District.

- **(5) Economic Administration of the Estate:** Litigating a Houston-based title dispute in Sherman, Texas, is "dramatically uneconomic". The Southern District of Texas is already home to the relevant real property records and the abstract of title essential to resolving the estate's primary controversy.

15. This case is a single-asset real estate case ("SARE"). See 11 U.S.C. § 101(51B). The most significant feature of a SARE case is the expedited timeline for relief from the automatic stay. Under 11 U.S.C. § 362(d)(3), the court must grant relief from the stay to a secured creditor unless, within 90

days of the petition date (or 30 days after the court determines the debtor is a SARE), the debtor has either filed a plan of reorganization with a reasonable possibility of confirmation or commenced monthly interest payments to the creditor.

16. This "fast track" requires the bankruptcy judge to make rapid determinations regarding the property's value, the feasibility of the proposed plan, and the debtor's financial viability. A judge in the Southern District, who oversees dozens of Houston-area real estate cases, possesses a "market intuition" and a base of local knowledge that allows for these decisions to be made more accurately and efficiently.

**IV. CONCLUSION**

This case belongs in Houston. The Debtor, the Property, the creditors, the witnesses, and the underlying six-year legal battle are all rooted in the Southern District of Texas. The Debtor's decision to file in the Eastern District is a transparent attempt to forum shop.

**WHEREFORE, PREMISES CONSIDERED**, Movant Nicholas Fugedi respectfully requests that this Court enter an Order transferring this case to the United States Bankruptcy Court for the Southern District of Texas, Houston Division, and for such other and further relief to which Movant is justly entitled.

Respectfully submitted,

**THE KELLEY LAW FIRM**


/s/ *Lloyd E. Kelley*
LLOYD E. KELLEY
State Bar No. 11203180
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
kelley@lloydekelley.com


**MOUSILLI LAW, PLLC**

*/s/ Lema Mousilli*
Lema Mousilli
11807 Westheimer Road
Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313
Texas State Bar No. 24056016
*lema@mousillilaw.com*
*service@mousillilaw.com*
**ATTORNEY FOR PLAINTIFF**

/s/ J. Marcus Hill
J. Marcus Hill
State Bar No. 09638150
Hill & Hill PC
1770 St. James Place, Ste. 440
Houston, Texas 77056
(713) 688-6318
marc@hillpclaw.com

CERTIFICATE OF CONFERENCE

On February 17, 2026, attorneys for Fugedi conferred via email with opposing counsel Howard Marc Spector the Debtor's attorney regarding this Motion to Transfer as well as Mr. Brown who removed the case.  No agreement was reached. Mr. Spector responded by email on February 18, 2026 that there was no need to confer and that he would respond to the motion. Mr. Spector did not indicate if Debtor was opposed or unopposed.  Mr. Brown did not respond.

*/s/ Lema Mousilli*
Lema Mousilli

CERTIFICATE OF SERVICE

My office served via ECF on February 26, 2026 to all counsel of record the Fugedi's Motion to Remand.

/s/ Lloyd Kelley