Howard Marc Spector
TBA # 00785023
SPECTOR & COX, PLLC
12770 Coit Road, Suite 850
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
Hspector@spectorcox.com

COUNSEL FOR THE DEBTOR

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **Bella Houston Heights** | § | **CASE NO. 26-40515** |
| | § | |
| **Debtor.** | § | |

<div style="border:1px solid">

Original Plan of Liquidation
Filed by the Debtor
Dated: May 15, 2026
Allen, Texas

</div>

The Debtor, as debtor-in-possession proposes this Plan of Liquidation under chapter 11 of the Bankruptcy Code.

### ARTICLE 1: DEFINITIONS AND INTERPRETATION

**1.1** *Definitions.*

The capitalized terms used herein shall have the respective meanings set forth below:

(a) "**Ad Valorem Taxing Authority**" shall mean any governmental entity entitled by law to assess taxes on property based upon the value of such property which taxes are secured by a statutory Lien to secure the payment of such taxes, penalties and interest accruing thereon.

(b) "**Administrative Claim**" shall mean a Claim entitled to priority under sections 503[b] and 507[a][1] of the Bankruptcy Code in the Chapter 11 Case of the Debtor.

(c) "**Allowed**" when used with respect to any Claim, except for a Claim that is an Administrative Claim, shall mean [1] such Claim to the extent it is not a Contested Claim; [2] such Claim to the extent it may be set forth pursuant to any stipulation or agreement that has been approved by Final Order; or [3] a Contested Claim, proof of which was filed timely with the Bankruptcy Court and [A] as to which no objection was filed by the Objection Deadline, unless such Claim is to be determined in a forum other than the Bankruptcy Court, in which case such Claim shall not become Allowed until determined by Final Order of such other forum and Allowed by Final Order of the

Bankruptcy Court; or [B] as to which an objection was filed by the Objection Deadline, to the extent Allowed by Final Order.

(d)      "**Ballot**" shall mean the Ballot to be used by creditors to cast their votes to accept or reject the Plan.

(e)      "**Balloting Agent**" shall mean the Debtor's counsel, as agent for the Debtor.

(f)      "**Bankruptcy Code"** shall mean the Bankruptcy Reform Act of 1978, as amended, and codified at title 11 of the United States Code.

(g)      "**Bankruptcy Court**" shall mean the Bankruptcy Court unit of the United States District Court for the Eastern District of Texas, Sherman Division, or such other court having jurisdiction over the Chapter 11 Case.

(h)      "**Bankruptcy Rules**" shall mean the Federal Rules of Bankruptcy Procedure, as prescribed by the United States Supreme Court pursuant to section 2075 of title 28 of the United States Code.

(i)      "**Bar Date**" shall mean June 16, 2026 for all claims, other than the claims of governmental authorities.

(j)      "**Business Day**" shall mean any day on which commercial banks are open for business in Allen, Texas.

(k)      "**Cash**" shall mean legal tender of the United States of America or short-term liquid investments that are readily convertible to known amounts of legal tender of the United States of America and which present an insignificant risk of changes in value.

(l)      "*Causes of Action*" means and includes (i) any and all avoidance, recovery, surcharge, subordination or other actions or remedies that may be brought on behalf of the Debtor or its Estate under the Bankruptcy Code or applicable non- bankruptcy law, including actions or remedies under sections 506, 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552 and 553 of the Bankruptcy Code; and (ii) all other actions, causes of action, claims, liabilities, obligations, rights, suits, debts, damages, judgments, remedies, demands, setoffs, defenses, recoupments, crossclaims, counterclaims, third-party claims, indemnity claims, contribution claims or any other claims of the Debtor or the Estate, whether disputed or undisputed, suspected or unsuspected, foreseen or unforeseen, direct or indirect, choate or inchoate, existing as of the Effective Date or thereafter arising, in law, equity or otherwise, based in whole or in part upon any act or omission or other event occurring prior to or after the Petition Date.

(m)      "**Chapter 11 Case**" shall mean the case of the Debtor commenced under chapter 11 of the Bankruptcy Code on the Petition Date.

(n)      "**Collateral**" shall mean any property of the Debtor subject to a valid, enforceable and non-avoidable Lien to secure the payment of a Claim.

(o)      "**Confirmation Date**" shall mean the date on which the Clerk of the Bankruptcy Court enters the Confirmation Order.

(p)      "**Confirmation Hearing**" shall mean the date on which the Bankruptcy Court holds the hearing[s] on confirmation of the Plan.

(q)      "**Confirmation Order**" shall mean the order of the Bankruptcy Court confirming the Plan.

(r)      "**Construction Loan Services II, LLC**" shall mean Construction Loan Services II,

LLC or its successor-in-interest.

(s)      "**Contested**" when used with respect to a Claim, shall mean a Claim against the Debtor [1] that is listed in the Debtor's Schedules as disputed, contingent or unliquidated; [2] that is listed in the Debtor's Schedules as undisputed, liquidated and not contingent and as to which a proof of Claim has been filed with the Bankruptcy Court, to the extent the proof of Claim amount exceeds the scheduled amount; and [3] that is not listed in the Debtor's Schedules, but as to which a proof of Claim has been filed with the Bankruptcy Court and to which an objection has been filed.  Notwithstanding the foregoing, after the Objection Deadline, only Claims to which an Objection has been filed shall be deemed Contested Claims.

(t)      "**Debtor**" shall mean Bella Houston Heights, a Protected Series of Bella FourA, LLC.

(u)      "**Disallowed**," when used with respect to a Claim, shall mean a Claim that has been disallowed by Final Order.

(v)      "**Contested Claim Reserve**" shall mean the reserve accounts established pursuant to this Plan for funding Contested Claims if such Claims are ultimately allowed by Final Order and which are to be held pending resolution of Contested Claims by the entry of a Final Order allowing or disallowing such Contested Claim[s].

(w)      "**Effective Date**" shall mean a Business Day selected by the Debtor or Liquidating Debtor, as the case may be, not to exceed thirty [30] days after the Confirmation Date.

(x)       "**Estimated Amount**" shall mean the maximum amount at which the Bankruptcy Court or, where required by applicable law, the District Court, estimates any Claim [or class of Claims] against Debtor which is contingent, unliquidated or disputed, including, for the purpose of: [a] distribution under § 502[c], Bankruptcy Code; [b] determining the feasibility of this Plan pursuant to § 1129[a][11], Bankruptcy Code for purposes of its Confirmation; or [c] voting to accept or reject this Plan pursuant to Bankruptcy Rule 3018[a].

(y)      "**Estimation Order**" means an Order of the Bankruptcy Court or, where required by applicable law, the District Court, that determines the Estimated Amount of any Claim [or class of Claims], against Debtor for any of the purposes as provided in this Plan.

(z)      "**Federal Judgment Rate**" means the federal judgment rate in effect pursuant to 28 U.S.C. § 1961 as of the Effective Date, compounded annually.

(aa)      "**Fee Application**" shall mean an application of a Professional Person under section 330 or 503 of the Bankruptcy Code for allowance of compensation and reimbursement of expenses in the Chapter 11 Case.

(bb)      "**Fee Claim**" shall mean a Claim under section 330 or 503 of the Bankruptcy Code for allowance of compensation and reimbursement of expenses in the Chapter 11 Case.

(cc)      "**Final Order**" shall mean [1] an order which has been entered and as to which the time to appeal, petition for certiorari or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari or other proceedings for reargument or rehearing shall then be pending or [2] in the event that an appeal, writ of certiorari, reargument or rehearing thereof has been sought, such order shall have been affirmed by the highest court to which such order was appealed, or certiorari has been denied or from which reargument or rehearing was sought, and the time to take any further appeal, petition for certiorari or move for reargument or rehearing shall have expired; provided, however, that no order shall fail to be a Final Order solely because of the possibility that a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure may be filed with respect to such order.

(dd)    "**General Unsecured Claim**" shall mean any Claim against the Debtor that is not a Secured Claim or an Administrative Claim.

(ee)    "**Interest**" shall mean any right in the Debtor represented by an "equity security," as defined on section 101[16] of the Bankruptcy Code, or any right to acquire such an "equity security."

(ff)    "**Liquidating Debtor**" shall mean the Debtor, on and after the Effective Date.

(gg)    "**Net Proceeds**" means the sum of any cash and the fair market value of any property available for distribution holders of Allowed Claims or Equity Securities after the repayment of all Allowed Secured Claims and after subtracting all costs and fees associated with such property, including legal expenses or commissions associated with the Wind Down.

(hh)    "**Objection Deadline**" shall mean the date by which objections to Claims shall be filed with the Bankruptcy Court and served upon the respective holders of each of the Claims as provided in Section 9.1 of the Plan.

(ii)    "**Penalty Claims**" shall mean Claims for penalties or punitive damages, including Claims denominated as "interest" which the Bankruptcy Court determines to be punitive in nature.

(jj)    "**Petition Date**" shall mean February 16, 2026.

(kk)    "**Plan**" or "**Plan of Liquidation**" shall mean this Plan of Liquidation, either in its present form or as it may hereafter be altered, amended or modified from time to time.

(ll)    "**Professional Person**" shall mean a person retained or to be compensated pursuant to section 327, 328, 330, 503[b] or 1103 of the Bankruptcy Code.

(mm)    "**Property**" shall mean real property and improvements located at 829 Yale St, Houston, TX 77007.

(nn)    "**Pro Rata Share**" means the proportion that (a) the Allowed amount of a Claim or Interest in a particular Class (or several Classes taken as a whole) bears to (b) the aggregate Allowed amount of all Claims or Interests in such Class (or several Classes taken as a whole), unless this Plan expressly provides otherwise.

(oo)    "**Schedules**" shall mean the schedules of assets and liabilities and the statements of financial affairs filed by the Debtor as required by section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, as such schedules and statements have been or may be supplemented or amended.

(pp)    "**Secured Claim**" shall mean a Claim secured by a Lien on property of the Debtor, which Lien is valid, perfected and enforceable under applicable law, is not subject to avoidance under the Bankruptcy Code or other applicable non-bankruptcy law and which is duly established in the Chapter 11 Case, but only to the extent of the value of the Collateral that secures payment of such Claim.

(qq)    "**Subordinated Claim**" shall mean any Claim [1] subordinated by contract or by order of the Bankruptcy Court to the right of payment of General Unsecured Claims, including late filed claims,  or [2] which would be paid pursuant to Bankruptcy Code section 726[a][2][c], [a][3], [a][4] or [a][5] if this Chapter 11 Case had originally been filed as a case under chapter 7 of the Bankruptcy Code but shall not include ad valorem property tax claims, penalties and interest that accrued thereon prior to the Petition Date.

(rr)    "**Unsecured Claim**" shall mean a Claim other than a Secured Claim.

(ss)    "**Voting Deadline**" shall mean the date set by the Bankruptcy Court by which Ballots for accepting or rejecting the Plan must be received by the Balloting Agent.

(tt)    **"Wind Down"** means, as set forth in Section 7.7 hereof, the means the orderly wind-down of the Liquidating Debtor following the monetization of Causes of Action, the payment of Allowed Claims, and the sale of the Property.

(uu)    **"Wind Down Costs"** means the means the costs incurred by the Liquidating Debtor following the Effective Date, including the costs to review, object to, and allow the Claims entitled to distribution under the Plan and to prosecute any Causes of Action.

Words and terms defined in section 101 of the Bankruptcy Code shall have the same meaning when used in the Plan, unless a different definition is given in the Plan.  The rules of construction contained in section 102 of the Bankruptcy Code shall apply to the construction of the Plan.

### 1.2    *Interpretation.*

Unless otherwise specified, all section, article and exhibit references in the Plan are to the respective section in, article of or exhibit to the Plan, as the same may be amended, waived or modified from time to time.  The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions of the Plan.  Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender. All exhibits and schedules attached to the Plan are incorporated herein by such attachment.

### 1.3    *Liquidating Debtor.*

The Plan shall be liberally construed for the benefit of the Debtor and Liquidating Debtor regarding the interchangeableness of the term "*Debtor*" with the term "*Liquidating Debtor*" and other instances of the use "*Liquidating.*"

## ARTICLE 2: CLASSIFICATION OF CLAIMS

### 2.1    *Claims Classified.*

For purposes of organization, voting and all confirmation matters, except as otherwise provided herein, all Claims except for Administrative Claims shall be classified as set forth in this Article 2 of the Plan.

### 2.2    *Administrative Claims.*

Administrative Claims against the Debtor shall not be classified for purposes of voting or receiving distributions under the Plan.  Rather, all such Claims shall be treated separately on the terms set forth in Article 5 of the Plan.

### 2.3    *Claims.*

The Plan classifies the Claims against the Debtor as follows:

#### *Secured Claims*

[a]    Class 1:    Any Allowed Secured Claims of Ad Valorem Taxing Authorities.
[b]    Class 2:    Any Allowed Secured Claim of Construction Loan Services II, LLC.
[c]    Class 3:    Any Allowed Secured Claims not otherwise classified.

#### *Unsecured Claims*

[d]      Class 4:          Any Allowed General Unsecured Claims.

### *Interests*

[e]      Class 5:          Any holder of an Interest in the Debtor.

### ARTICLE 3: IDENTIFICATION OF IMPAIRED CLASSES OF CLAIMS

#### 3.1      *Impaired Classes.*

All classes of Claims are impaired under the Plan.

#### 3.2      *Impairment Controversies.*

If a controversy arises as to whether any Claim or any class of Claims is impaired under the Plan, the Bankruptcy Court shall, upon notice and a hearing, determine such controversy.

### ARTICLE 4 : PROVISIONS FOR TREATMENT OF CLAIMS UNDER THE PLAN

#### 4.1      *Treatment of Claims and Interests.*

The classes of Claims against the Debtor shall be treated under the Plan as follows:

### *Secured Claims*

[a]      *Class 1 – Any Allowed Secured Claims of Ad Valorem Taxing Authorities.* On the Effective Date, in full and final satisfaction of its Allowed Secured Claims in this Chapter 11 Case, each holder of an Allowed Secured Claim in Class 1 shall receive payments of interest and principal in an amount necessary to amortize such holder's Allowed Secured Claim [which includes all penalties that accrued pre-petition and all interest which accrued post-petition] over a period beginning on the Effective Date and ending on the date which is the 1st day of the 47th month following the Petition Date.  At the sole discretion of the Debtor, the Debtor may at any time after the Effective Date prepay any or all Allowed Secured Claims in Class 1 without penalty or interest, except the Debtor shall pay [i] penalties incurred prior to the Petition Date and [ii] post-petition interest pursuant to the Bankruptcy Code and this Plan. Allowed Secured Claims in Class 1 shall bear interest from the Petition Date through the Effective Date at the rate of 1% per month and shall bear interest after the Effective Date at the rate of 12% per annum.  In the event of an objection to a Claim in this Class, the holder of such Claim shall receive plan payments while the objection is pending which will be applied to the undisputed amount of the Claim.  Any Ad Valorem Taxing Authority shall retain its Liens as they existed on the Petition Date to secure payment of its Allowed Class 1 Claim.  For the avoidance of doubt, all holders of Allowed Secured Claims in Class 1 are to be treated as fully secured creditors.

[b]      *Class 2 – Any Allowed Secured Claim of Construction Loan Services II, LLC.* Construction Loan Services II, LLC shall receive full payment of its Allowed Secured Class 2 Claim upon the sale of the Property.  Construction Loan Services II, LLC shall retain its Liens as they existed on the Petition Date to secure payment of its Allowed Class 2 Claim.  For the avoidance of doubt, Construction Loan Services II, LLC's is to be treated as a fully secured creditor.  Construction Loan Services II, LLC Allowed Secured Class 2 Claim shall bear interest at the rate of 7.5% per annum from and after the Effective Date, and at the rate determined by the Bankruptcy Court at the Confirmation Hearing from the Petition Date to the Effective Date.

[c]	*Class 3 —Any Allowed Secured Claims not Otherwise Classified.* Each holder of a Allowed Secured Claim against the Debtor, other than those classified in Class 1 or Class 2, shall receive on the Effective Date in full and final satisfaction of its Class 3 Allowed Secured Claim at the Debtor's option, either [i] payment pursuant to the agreements between such holder and the Debtor; [ii] the surrender to such holder of all Collateral securing such Allowed Secured Class 3 Claim in accordance with *In re Sandy Ridge Development Corp*, 881 F.2d 1346 [5th Cir. 1989], in which case such Allowed Class 2 Claim shall be deemed paid in full and fully satisfied and any deficiency thereon shall be treated as a General Unsecured Claim; or [iii] full payment of its Allowed Secured Claim upon the sale of the Property, and the holder of such a Claim shall retain its Liens as they existed on the Petition Date to secure payment of its Allowed Class 3 Claim. For the avoidance of doubt, holders of Allowed Claims in Class 3 are to be treated as fully secured creditors. Allowed Secured Claims in Class 3 shall bear interest at the rate of 7.5% per annum from and after the Effective Date, and at the rate determined by the Bankruptcy Court at the Confirmation Hearing from the Petition Date to the Effective Date.

[d]	Notwithstanding the foregoing treatment specified above, the Debtor may, at its sole option, provide any holder of a Class 1 Claim, Class 2 Claim, or Class 3 Claim, [a] treatment as provided under section 1124[2] or [3] of the Bankruptcy Code, with the Cash payments required by section 1124[2][A] and [C] of the Bankruptcy Code being made on the Effective Date; or [b] such holder's Collateral. If such holder of an Allowed Secured Claim against the Debtor receives treatment as provided in [a] above, such holder shall retain any Liens securing the Allowed Secured Claim until paid in full.

[e]	Notwithstanding the foregoing, the Debtor and any holder of a Allowed Secured Claim may agree to any alternate treatment of such Secured Claim, which treatment shall include preservation of such holder's Lien; provided, however, that such treatment shall not provide a return to such holder of an amount having a present value in excess of the amount of such holder's Allowed Secured Claim. Each such agreement shall be presented to the Bankruptcy Court before or within 90 days after the Effective Date and shall not materially and adversely impact the treatment of any other creditor under the Plan.

### Unsecured Claims

[f]	*Class 4 – Any Allowed General Unsecured Claim.* After payment of Wind Down Costs and Allowed Secured Claims pursuant to this Plan, holders of Allowed General Unsecured Claims shall receive a Pro Rata Share of (i) the Net Proceeds of all funds remaining from the sale of the Property; plus (ii) the Net Proceeds of the Causes of Action, not to exceed their Allowed General Unsecured Claim plus any interest accruing at the Federal Judgment Rate from and after the Effective Date.

### Interests in the Debtor

[g]	*Class 5 – Interests in the Debtor.* Holders of Interests in the Debtor shall retain their Interests. No payment shall be made to such holders prior to full payment of General Unsecured Claims pursuant to this Plan.

### ARTICLE 5 : PROVISIONS FOR TREATMENT OF
### UNCLASSIFIED CLAIMS UNDER THE PLAN

**5.1	*Treatment of Administrative Claims.***

The holder of an Administrative Claim [including Fee Claims] incurred before the Effective Date shall be required to file with the Bankruptcy Court, and serve on all parties required to receive notice, notice of such Administrative Claim and, if applicable, a Fee Application within 60 days after the Effective Date.  Failure to file and serve these documents timely and properly shall result in the Administrative Claim being forever barred and discharged.  Each holder of an Allowed Administrative Claim against the Debtor shall receive on the Effective Date [1] the amount of such holder's Allowed Claim in one Cash payment or [2] such other treatment as may be agreed upon in writing by the Debtor and such holder; provided, however, that an Administrative Claim representing a liability incurred in the ordinary course of business of the Debtor or an ad valorem tax liability may be paid in the ordinary course of business by the Debtor without the need for filing any claim with the Court.  Failure to pay ad valorem taxes for the 2026 and subsequent tax years prior to delinquency shall be an event of default under the Plan.

### ARTICLE 6 : ACCEPTANCE OR REJECTION OF THE PLAN

### 6.1    *Classes Entitled to Vote.*

All classes of Claims shall be entitled to vote separately to accept or reject the Plan as provided in applicable Bankruptcy Court orders and the Bankruptcy Code. Class 5 is not impaired so it is deemed to accept the Plan and is not entitled to vote.

### 6.2    *Class Acceptance Requirement.*

A class of Claims shall have accepted the Plan if it is accepted by at least two-thirds in amount and more than one-half in number of the Allowed Claims in such class that have voted on the Plan.

### 6.3    *Cramdown.*

If any class of Claims shall fail to accept the Plan in accordance with section 1126[c] of the Bankruptcy Code, the Bankruptcy Court may still confirm the Plan in accordance with section 1129[b] of the Bankruptcy Code.  In the event that confirmation is requested under section 1129[b] of the Bankruptcy Code, the Debtor reserves the right to amend or otherwise modify the Plan to eliminate distributions to holders of any Claims junior to any class of Claims that is impaired under and has not accepted the Plan in accordance with section 1129[b][2] of the Bankruptcy Code.

### ARTICLE 7 : MEANS FOR IMPLEMENTATION OF THE PLAN

### 7.1    *Management of the Liquidating Debtor.*

The management of the Liquidating Debtor shall be those managers as of the Petition Date until other managers are elected pursuant to applicable non-bankruptcy law.

### 7.2    *Vesting of Assets.*

On the Effective Date, all real and personal property of the estate of the Debtor, including but not limited to all Causes of Action of the Debtor, shall vest in the Liquidating Debtor; provided that upon any subsequent conversion to a case under chapter 7, all assets vesting in the Liquidating Debtor, shall pass to the chapter 7 trustee as property of the chapter 7 estate subject to those Claims, Liens, and encumbrances as Allowed and restructured in this Plan and as specified herein.

### 7.3    *Assumption of Liabilities.*

The liability for and obligations under the Plan shall be assumed by and become obligations of the Liquidating Debtor.

### 7.4    *Contested Claims.*

[a]    Establishment of Contested Claims Reserve.  Notwithstanding any other provision of this Plan, no assets or property shall be distributed under this Plan on account of any Contested Claim.  For all Contested Claims, the Liquidating Debtor shall establish and hold, in trust, distributions to be made on account of Plan Unsecured Note payable to the holders of Contested Claims [each such reserve being herein called a "Contested Claims Reserve"] with respect to each Class 1, 2, 3, and 4 Claim for which there exists a Contested Claim, and shall place in each Contested Claims Reserve the assets and property to be distributed on account of such Contested Claims pursuant to this Plan, pending Allowance or Disallowance of such Claim.  Pending Final Order concerning a Contested Claim, the Liquidating Debtor shall pay into the Contested Claims Reserve all payments provided for under this Plan pursuant to any Allowed Claim which would have been required to be delivered to the claimant absent a Contested Claim.  Cash held in any Contested Claims Reserve shall be held in a segregated interest-bearing trust account.  To the extent practicable, the Liquidating Debtor may invest the Cash in any Contested Claims Reserve in a manner that will yield a reasonable net return, taking into account the safety of the investment.

[b]    Determination of Contested Claims Reserve.  The Bankruptcy Court may, at any time, determine for each Class 1, 2, 3, and 4 Claim, the amount of assets and property sufficient to fund each Contested Claims Reserve established with respect to any such class.  The Bankruptcy Court may estimate and determine by an Estimation Order the Estimated Amount of Claims in each class for which a Contested Claims Reserve has been established.  Any unsecured claimant holding a Contested Claim so estimated will have recourse only to undistributed assets and property in the Contested Claims Reserve for the class in which such Contested Claim has been placed and not to the Liquidating Debtor or any other assets or property, should the Allowed Claim of such claimant, as finally determined by a Final Order, exceed such Estimated Amount.

[c]    Return of Assets.  Except as otherwise provided herein, all assets and properties [and all interest payments and dividends previously paid in connection therewith] in any Contested Claims Reserve for any class of Claims remaining after the resolution of all disputes relating thereto shall be returned to the Liquidating Debtor for distribution in accordance with this Plan.

[d]    Withholding of Taxes.  The Liquidating Debtor shall withhold from any assets and property distributed under this Plan any assets and or property which must be withheld for federal, state and local taxes payable by the Entity entitled to such property to the extent required by applicable law.

### 7.5    *Estimated Claims.*

Except as otherwise provided herein, the Court may estimate for purposes of allowance pursuant to § 502[c], Bankruptcy Code, [i] any Contested Claim or unliquidated Claim, or [ii] any portion or part of a Claim that is, itself, unliquidated.  Any Estimation Order, to the extent it becomes a Final Order, shall determine the amount of the Allowed Claim so estimated.

### 7.6    *Claims on File; No Allowance of Untimely Claims.*

The Debtor is relying on the formal proofs of Claim on file and the Debtor's Schedules currently on file in seeking confirmation of the Plan.   No informal proof of claim shall be deemed to have been filed in this Chapter 11 Case.

### 7.7     *Continuing Existence/Wind Down*

From and after the Effective Date, the Liquidating Debtor shall continue in existence solely for the purposes consistent with the terms of this Plan, which include (1) effectuating the Wind Down of the Debtor, (2) selling the Property, (3) enforcing, prosecuting and monetizing Causes of Action, interests, rights and privileges of the Debtor and its estate, (4) resolving Contested Claims, (5) administering this Plan and taking such actions as are necessary to effectuate this Plan, (6) participating in litigation to which the Debtor is, or chooses to become, a party; and (7) filing appropriate tax returns. Following all distributions under this Plan, the Liquidating Debtor, shall (1) take any action reasonably necessary to complete the Wind Down of the Debtor; (2) effect the dissolution of the Debtor under applicable non-bankruptcy law; (3) complete and file all of the Debtor and the Debtor's final or otherwise required federal, state and local tax returns, as applicable; (4) take such other actions necessary or desirable to carry out the purposes of this Plan; (5) comply with any regulatory requirements imposed on the Debtor under applicable law.

### 7.8     *Vesting of Assets in the Liquidating Debtor*

Except as otherwise provided in this Plan or in any agreement, instrument or other document relating thereto, pursuant to section 1141 of the Bankruptcy Code, on or after the Effective Date, all assets of the estate and the Debtor shall vest in the Liquidating Debtor, free and clear of all Liens, Claims, charges or other encumbrances.  Except as may be provided in this Plan or the Confirmation Order, on and after the Effective Date, the Liquidating Debtor may use, acquire or dispose of assets, and compromise or settle any Claims, without supervision or approval by the Bankruptcy Court, free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

### 7.9     *Preservation of Causes of Action*

In accordance with section 1123(b) of the Bankruptcy Code, as of the Effective Date, all rights related to the Causes of Action shall vest in the Liquidating Debtor, which such rights, whether arising before or after the Petition Date, except as otherwise released under the Plan.  The Liquidating Debtor as representative of the Debtor's estate, shall retain and have the exclusive right to commence, pursue, enforce and settle, as appropriate, all Causes of Action (including all avoidance actions) that otherwise belong to the Debtor and arose before the Effective Date, including all Causes of Action of a trustee or debtor in possession under the Bankruptcy Code, and the Liquidating Debtor shall be authorized to exercise and perform the rights, powers and duties held by the Debtor's estate with respect to all Causes of Action, including the authority under § 1123(b)(3) to provide for the settlement, adjustment, retention and enforcement of any such Causes of Action, without the consent or approval of any third party, and without any further order of the Bankruptcy Court.  Unless a Cause of Action against a Person, Entity or a governmental entity is expressly waived, relinquished, released, compromised, or settled in the Plan or any Final Order, the Debtor expressly reserves such Causes of Action for later adjudication (including Causes of Action of which the Debtor may presently be unaware, or which may arise or exist by reason of additional facts or circumstances unknown to the Debtor at this time, or facts or circumstances which may change or be different from those which the Debtor now believes to exist) and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion,

waiver, estoppel (judicial, equitable, or otherwise), or laches shall apply to Causes of Action upon, or after, the Confirmation Date or consummation of the Plan based on a disclosure statement, the Plan, or the Confirmation Order. The Liquidating Debtor (subject to the Plan) will make the decision of whether or not to pursue any Cause of Action, respectively, not otherwise released under the Plan or pursuant to other orders of a court of competent jurisdiction. This decision will be based upon the review, as applicable, of the merits of each Cause of Action as well as the costs required to prosecute such claims in light of the limited resources available for distribution to Creditors. The Liquidating Debtor (subject to the Plan) may seek to retain counsel on a contingency basis to prosecute some or all of such Causes of Action and may seek to finance any costs relating to the prosecution of such litigation, or may decide not to pursue such claims at all.

### ARTICLE 8 : PROVISIONS GOVERNING EFFECTIVES

#### 8.1 *Effective Date.*

Except as otherwise provided in this Plan, any distributions and deliveries to be made under the Plan shall be made on the Effective Date, as funds are available, or as the Bankruptcy Court may order.

#### 8.2 *Delivery of Distributions.*

Subject to Bankruptcy Rule 9010, distributions to holders of Allowed Claims shall be made at the address of each such holder as set forth on the proofs of Claim filed by such holders [or at the last known address of such a holder if no proof of Claim is filed or if the Debtor has been notified in writing of a change of address].  If any holder's distribution is returned as undeliverable, no further distributions to such holder shall be made unless and until the Debtor is notified in writing of such holder's then current address, at which time all missed distributions shall be made to such holder without interest.  After the first anniversary of the Effective Date, all unclaimed property shall revert to the Liquidating Debtor or any successor thereto, and the claim of any holder with respect to such property shall be discharged and forever barred.

#### 8.3 *Time Bar to Cash Payments.*

Checks issued by Liquidating Debtor in respect of Allowed Claims shall be null and void if not negotiated within six months after the date of issuance thereof.  Requests for reissuance of any check shall be made directly to the Liquidating Debtor by the holder of the Allowed Claim with respect to which such check originally was issued.  Any claim in respect of such a voided check shall be made on or before the later of [1] the first anniversary of the Effective Date or [2] 90 days after the date of reissuance of such check.  After such date, all claims in respect of void checks shall be discharged and forever barred.

### ARTICLE 9 :
### PROCEDURES FOR RESOLVING AND TREATING CONTESTED AND
### CONTESTED CLAIMS UNDER THE PLAN

#### 9.1 *Objection Deadline.*

As soon as practicable, but in no event later than sixty [60] days after the Effective Date, unless otherwise ordered by the Bankruptcy Court, objections to Claims shall be filed with the Bankruptcy Court and served upon the holders of each of the Claims to which objections are made. Notwithstanding the foregoing sentence, as to any Claim which is filed after the Effective Date, an

objection to such Claim shall be filed on or before sixty [60] days after the date on which such Claim is filed.

### 9.2   *No Effectives Pending Allowance.*

Notwithstanding any other provision of the Plan, no payment or distribution shall be made with respect to the disputed portion of any Claim to the extent it is a Contested Claim unless and until such Contested Claim becomes an Allowed Claim.  Payments and distributions to each holder of a Contested Claim, to the extent that such Claim ultimately becomes an Allowed Claim, shall be made in accordance with the provisions of the Plan governing the class of Claims to which the respective holder belongs.

### ARTICLE 10:
### PROVISIONS GOVERNING EXECUTORY CONTRACTS AND
### UNEXPIRED LEASES UNDER THE PLAN

### 10.1   *Rejection of Contracts.*

This Plan shall constitute a motion to reject all executory contracts and unexpired leases, if any, for which the Debtor shall have no further liability. The entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of such rejections pursuant to sections 365(a) and 1123 of the Bankruptcy Code and a finding that such rejections are in the best interest of the Debtor, its estate and all parties in interest in this Chapter 11 Case.

### 10.2   *Bar to Rejection Damages.*

If the rejection of a Contract by the Debtor pursuant to this Plan results in damages to the other party or parties to such Contract, a Claim for such damages, if not heretofore evidenced by a filed proof of Claim, shall be forever barred and shall not be enforceable against the Debtor, the Liquidating Debtor or its respective property or its agents, successors or assigns, unless a proof of Claim is filed with the Bankruptcy Court and served upon counsel for the Debtor on or before sixty [60] days following the Effective Date.

### 10.3   *Insurance Policies.*

Notwithstanding anything in the Plan or Sections 10.1 and 10.2 of the Plan, all insurance policies under which the Debtor is the insured party shall be deemed assumed as of the Confirmation Date.  All payments upon such policies are current; no cure payments are necessary.

### ARTICLE 11 : RETENTION OF JURISDICTION

### 11.1   *Scope of Jurisdiction.*

Pursuant to sections 1334 and 157 of title 28 of the United States Code, until the time that an order is entered closing the Chapter 11 Case, the Bankruptcy Court shall retain and have jurisdiction over all matters arising in, arising under and related to the Chapter 11 Case and the Plan.  Without limitation, the Bankruptcy Court shall retain jurisdiction for the following specific purposes after the Confirmation of this Plan:

[a]   to modify this Plan pursuant to the Bankruptcy Rules and the Bankruptcy Code;
[b]   to enforce and interpret the terms and conditions of this Plan;

[c]     to enter such orders, including injunctions, as are necessary to enforce the title, rights, and powers of the Liquidating Debtor;

[d]     to enter an order concluding and terminating the Chapter 11 Case;

[e]     to correct any defect, cure any omission, or reconcile any inconsistency in this Plan, or the Confirmation Order as may be necessary, consistent with the requirements of the Bankruptcy Code and Bankruptcy Rules to carry out the purposes and intent of this Plan, including the adjustment of the date[s] of performance under this Plan in the event the Effective Date does not occur as provided herein, so that the intended effect of this Plan may be substantially realized thereby;

[f]     to approve all Fee Claims;

[g]     to hear and determine any causes of action arising prior to the Effective Date or thereafter or in any way related to this Plan or the transactions contemplated hereby against Debtor;

[h]     to determine any and all applications pending on Confirmation for the rejection, assumption or assignment of Contracts and the allowance of any Claim resulting therefrom;

[i]     to determine such other matters and for such other purposes as may be provided in the Confirmation Order;

[j]     to hear and determine any and all adversary proceedings, applications, and contested matters, including any remands of appeals;

[k]     to ensure that distributions to holders of Allowed Claims are accomplished as provided herein;

[l]     to hear and determine any timely objections to or applications concerning Claims or the allowance, classification, priority, compromise, estimation, or payment of any Claim, or Interest;

[m]     to enter and implement such orders as may be necessary or appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, reversed, or vacated;

[n]     to enter and implement such orders as may be necessary or appropriate to execute, interpret, implement, consummate, or enforce the Plan and the transactions contemplated thereunder;

[o]     to hear and determine matters concerning state, local, and federal taxes in accordance with §§ 346, 505, and 1146, Bankruptcy Code;

[p]     to enter Estimation Orders;

[q]     to hear, determine and enter judgment in any case involving a Causes of Action of the Debtor whether originating in the Bankruptcy Court or otherwise; and

[r]     to determine claims under 11 U.S.C. § 506[c] against the holders of any Allowed Secured Claim.

### 11.2   *Failure of the Bankruptcy Court to Exercise Jurisdiction.*

If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising in, arising under or related to this Chapter 11 Case, including the matters set forth in Section 11.1 of the Plan, this Article 11 shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court having jurisdiction with respect to such matter.

### ARTICLE 12 : MISCELLANEOUS PROVISIONS

**12.1** *Setoff Rights.*

In the event that the Debtor has a claim of any nature whatsoever, including but not limited to a 11 U.S.C. 506[c] claim, against the holder of a Claim, the Debtor may, but is not required to, setoff against the Claim [and any payments or other distributions to be made in respect of such Claim hereunder], subject to the provisions of section 553 of the Bankruptcy Code.  Neither the failure to setoff nor the allowance of any Claim under the Plan shall constitute a waiver or release by the Debtor of any claim that the Debtor may have against the holder of a Claim.

**12.2** *Injunctions.*

The Confirmation Order shall contain such injunctions as may be necessary and helpful to effectuate the discharge of the Debtor provided herein.  Without limiting the generality of the foregoing, such injunction shall include an absolute prohibition from collecting Claims in any manner other than as provided for in the Plan.

**12.3** *De Minimis Effectives.*

No distribution of less than $25.00 shall be made to any holder of an Allowed Claim.  Such undistributed amount will be retained by the Liquidating Debtor.

**12.4** *Payment of Statutory Fees.*

The Liquidating Debtor shall be responsible for the timely payment of fees incurred pursuant to 28 U.S.C. § 1930[a][6] until the clerk of the Bankruptcy Court closes the case.  The Liquidating Debtor shall file with the Court and serve upon the U.S. Trustee a quarterly financial report for each quarter [or portion thereof] that the case remains open in a format prescribed by the U.S. Trustee.

**12.5** *Post-Effective Date Fees and Expenses of Professional Persons.*

Except as provided in this Plan, after the Effective Date, the Liquidating Debtor shall, in the ordinary course of business and without the necessity for any approval by the Bankruptcy Court, pay the reasonable fees and expenses of the Professional Persons employed by the Liquidating Debtor, related to the implementation and consummation of the Plan, provided, however, that no such fees and expenses shall be paid except upon receipt by the Liquidating Debtor of a written invoice, which invoice shall also be served upon counsel for the Debtor, and the United States Trustee, by the Professional Person seeking fees and expense reimbursement and provided, further, however, that the Liquidating Debtor may, within 10 days after receipt of an invoice for fees and expenses, request the Bankruptcy Court to determine any such request and the Bankruptcy Court shall have jurisdiction to do so.  In such event, the Bankruptcy Court shall apply the same standard for approval of fees and expenses as applied throughout this Chapter 11 Case.

**12.6** *Bankruptcy Restrictions.*

From and after the Effective Date, the Liquidating Debtor shall no longer be subject to the restrictions and controls provided by the Bankruptcy Code [*e.g.*, section 363 or 364]. The Liquidating Debtor may conduct its affairs in such manner as is consistent with individuals not in bankruptcy without the need of seeking Bankruptcy Court approval.  No monthly operating reports will be filed after the Effective Date; however, the Liquidating Debtor shall provide the U.S. Trustee such financial reports as the U.S. Trustee may reasonably request until the entry of a final decree.

### 12.7   *Binding Effect.*

The Plan shall be binding upon and inure to the benefit of the Debtor, the holders of Claims and their respective successors and assigns; provided, however, that if the Plan is not confirmed, the Plan shall be deemed null and void and nothing contained herein shall be deemed [i] to constitute a waiver or release of any Claims by the Debtor, or any other Person, [ii] to prejudice in any manner the rights of the Debtor, or any other Person, or [iii] to constitute any admission by the Debtor, or any other Person.

### 12.8   *Governing Law.*

Unless a rule of law or procedure is supplied by federal law [including the Bankruptcy Code and Bankruptcy Rules], the internal laws of the State of Texas shall govern the construction and implementation of the Plan and any agreements, documents and instruments executed in connection with the Plan or the Chapter 11 Case, except as may otherwise be provided in such agreements, documents and instruments.

### 12.9   *Modification of Plan.*

Modifications of the Plan may be proposed in writing by the Debtor at any time before the Confirmation Date, provided that [a] the Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code and [b] the Debtor shall have complied with section 1125 of the Bankruptcy Code.  The Plan may be modified at any time after the Confirmation Date and before substantial consummation by the Debtor, provided that [i] the Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code, [ii] the Bankruptcy Court, after notice and a hearing, confirms the Plan as modified, under section 1129 of the Bankruptcy Code and [iii] the circumstances warrant such modifications.  A holder of a Claim that has accepted or rejected the Plan shall be deemed to have accepted or rejected, as the case may be, such Plan as modified, unless, within the time fixed by the Bankruptcy Court, such holder changes its previous acceptance or rejection.

### 12.10   *Creditor Defaults.*

Any act or omission by a creditor in contravention of a provision within this Plan shall be deemed an event of default under this Plan.  In the event the Debtor asserts that a holder of an Allowed Claim is in default under the Plan, the Debtor must provide such holder of an Allowed Claim with written notice ["Notice to Creditor"]of such default via overnight mail or similar same-day or express delivery to the address of such holder as set forth on the proof[s] of Claim filed by such holder [or at the last known address of such a holder if no proof of Claim is filed or if the Debtor has been notified in writing of a change of address].  If the default asserted in the Notice to Creditor remains uncured on the fifteenth [15th] day from the date on which such Notice to Creditor is sent, the Debtor may pursue any rights or remedies it may have under applicable bankruptcy or non-bankruptcy law, whether state, federal or otherwise, including seeking to hold the defaulting party in contempt of the Confirmation Order.  If such creditor is found to be in default under the Plan, such party may be ordered to pay the reasonable attorneys' fees and costs of the Liquidating Debtor in pursuing such matter, at the Bankruptcy Court's discretion. Furthermore, upon the finding of such a default by a creditor, the Bankruptcy Court may [a] designate a party to appear, sign and/or accept the documents required under the Plan on behalf of the defaulting party, in accordance with Federal Rule of Civil Procedure 70 or [b] make such other order as may be equitable which does not materially alter the terms of the Plan as confirmed.  Upon the payment in full of any Allowed Secured Claim as provided under this Plan, with the exception of Allowed Claims of Ad Valorem Taxing Authorities, the holder of such Allowed Secured Claim shall execute, deliver and file a release of all liens and security interests

securing its Allowed Secured Claim within forty-five [45] days of such payment.

**12.11** *Debtor's Default.*

Except as otherwise provided in this Plan, in the event that the holder of an Allowed Claim asserts that a default under the Plan has occurred, such creditor must provide the Liquidating Debtor with written notice ["Notice"] of such default to the following addresses: c/o Howard Marc Spector, 12770 Coit Road, Suite 850, Dallas, TX 75251 and Bella Houston Heights, 1107 Padre Circle, Allen, Texas 75013 via certified mail, overnight mail or similar same-day or express delivery.  If the default asserted in the Notice remains uncured on the thirtieth [30th] day from the date on which such Notice is sent, the holder of such Allowed Claim may pursue any rights or remedies it may have under applicable non-bankruptcy law, whether state, federal or otherwise. Notwithstanding the foregoing, if an Ad Valorem Taxing Authority provides Notice in accordance with this Section 12.11 with respect to two separate defaults, the occurrence of any subsequent [i.e. third] default shall entitle any such Ad Valorem Taxing Authority to pursue any rights or remedies it may have under applicable non-bankruptcy law, whether state, federal or otherwise without further Notice.

**12.12** *Severability.*

SHOULD THE BANKRUPTCY COURT DETERMINE THAT ANY PROVISION OF THE PLAN IS UNENFORCEABLE EITHER ON ITS FACE OR AS APPLIED TO ANY CLAIM OR TRANSACTION, THE DEBTOR MAY MODIFY THE PLAN IN ACCORDANCE WITH SECTION 12.9 OF THE PLAN SO THAT SUCH PROVISION SHALL NOT BE APPLICABLE TO THE HOLDER OF ANY CLAIM.  SUCH A DETERMINATION OF UNENFORCEABILITY SHALL NOT [1] LIMIT OR AFFECT THE ENFORCEABILITY AND OPERATIVE EFFECT OF ANY OTHER PROVISION OF THE PLAN OR [2] REQUIRE THE RESOLICITATION OF ANY ACCEPTANCE OR REJECTION OF THE PLAN.

**12.13** *Substantial Consummation/Closing the Chapter 11 Case.*

Upon initiating payments or distributions on Allowed Claims required to be paid pursuant to Article 5, the Plan shall be deemed substantially consummated and, upon motion by the Liquidating Debtor, the Chapter 11 Case shall be closed.  Upon such motion, the Bankruptcy Court shall issue a final decree containing such provisions as may be equitable.  No final decree shall operate to divest the Bankruptcy Court of jurisdiction retained under Section 11.1 of this Plan.

**12.14** *Integration Clause.*

This Plan is a complete, whole, and integrated statement of the binding agreement between the Debtor, creditors, and the parties-in-interest upon the matters herein.

DATED:     May 15, 2026.

By:     */s/ Howard Marc Spector*
          Howard Marc Spector
          TBA #00785023

          SPECTOR & COX, PLLC
          Banner Place, Suite 850
          12770 Coit Road
          Dallas, Texas 75251

(214) 365-5377
FAX: (214) 237-3380
EMAIL: hspector@spectorcox.com

COUNSEL FOR THE DEBTOR