**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **Bella Houston Heights** | § | **CASE NO. 26-40515** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**RB LEGAL GROUP, PLLC'S OBJECTION TO MOTION TO SELL
PROPERTY FREE AND CLEAR AND RESERVATION OF RIGHTS**

COMES NOW, RB Legal Group, PLLC ("Claimant"), a creditor (Claim No. 7) and direct-payee Claimant in this Chapter 11 case, and files this limited Objection and Reservation of Rights to any motion by the Debtor to sell estate property free and clear under 11 U.S.C. § 363(f) (the "Sale Motion").

Counsel for Claimant has been unavailable until recently due to severe illness of his spouse, and has also filed its Notice of Appearance in conjunction herewith.

Claimant objects to the extent the Sale, Motion, any proposed Order, or any related relief would impair Claimant's Proof of Claim, allow sale without satisfaction and payment of Claimant's Claim, prejudice Claimant's right to payment in any manner, authorize distribution of disputed proceeds without further Order, or otherwise adjudicate Claimant's rights or allow disposition of assets without satisfaction of claims. Claimant has bona fide objections based upon a nondischargeable claim and the proposed sale is unlikely to exceed the value of the property, protect Claimant's claims, or satisfy all liens.

**BACKGROUND**

1. The Debtor commenced this Chapter 11 case on February 16, 2026.

2. Claimant asserts a prepetition claim arising from the February 23, 2023 Promissory Note and the March 8, 2023 amendment executed in connection with the Debtor's purchase of the 829 Yale Street property. RB Legal Group filed suit in Austin County, Texas, Cause Number 2024V-0080, in the District Court of Austin County, Texas, on June 13, 2024, which suit remains pending.

3. The note required direct payment of seller legal fees by Debtor directly to Claimant, including (a) $100,000 due February 14, 2023 to RB Legal and (b) $1,000,000 due March 23, 2023 payable

1

directly to RB Legal Group, PLLC. The note further provided for default interest at 14.5% per annum, subject to the maximum lawful rate, and was executed by Bella Houston Heights, a protected series of Bella Four A, LLC, and Adam Bell individually.  The note was further secured by an unrecorded valid lien, the Debtor's attempted denudement of which constitutes actionable fraud and arises from money, property, services, and/or credit obtained by false pretenses, false representations, and actual fraud, including fraudulent inducement, within the meaning of 11 U.S.C. § 523(a)(2)(A), and further arises from willful and malicious injury to Plaintiffs and/or Plaintiffs' property interests to the fullest extent applicable under 11 U.S.C. § 523(a)(2)(A) and (6). Such debts are not appropriate for property interest disposition without satisfaction of the claim.  Extinguishing Claimant's lien without adequate protection would effectively discharge a debt that Congress intended to survive bankruptcy, particularly when, as here, the fraud relates to the property itself.   The nondischargeable nature of the underlying debt means Claimant cannot be forced to accept money satisfaction—particularly if the fraud relates to the property itself or if there are concerns about the debtor's ability to pay from proceeds. *See e.g. In re Terrace Gardens Park P'ship*, 96 B.R. 707 (Bankr. W.D. Tex. 1989).  This property and its creditors, including Claimant, have been the subject of innumerable lending fraud situations and failed notes (financing transactions not only failed to fully fund but also resulted in litigation), and the proposed sale includes nearly seven million dollars of new credit financing.  The cash being proposed fails to satisfy the amount of the liens nor does it exceed the value of the property. Collusive sales such as this one should also receive closer scrutiny, because of the substantial potential for abuse. *Id*.

4. Claimant's present claim calculation is $650,000.00 in remaining principal and $285,509.03 in prepetition interest, for a total of $935,509.03 as of February 16, 2026, together with non-dischargeable fraud damages in excess of one million dollars and attorney's fees in the current amount of $92,272.03, subject to amendment if additional credits are confirmed.

5. Claimant has not yet received or reviewed the complete sale papers, including the Certificate of Service, proposed Order, and all exhibits to the Sale Motion. This objection is therefore protective, and expressly non-waiving.  Claimant demands adequate protection under § 363(e).

### OBJECTION AND RESERVATION OF RIGHTS

1. The statutory requirements of a free and clear sale have not been met, and Claimant's interest is bona fide under 363(4)(f) and may not be discharged.  Claimant objects to any sale free and clear unless the Court provides adequate protection as required by 11 U.S.C. § 363(e) and other applicable protections at law and in equity.  Where, as here, the objecting party raises specific concerns relating to the manner in which the proposed sale tends to deprive it of rights to which it would otherwise be entitled as part of the reorganization process, the Court should carefully examine those concerns and, if appropriate, fashion appropriate protections. *In re Continental Air Lines Corp*., 780 F.2d 1223, 1228 (5th Cir.1986).

2. If the Court authorizes a sale, Claimant's claim, and any lien, equitable lien, constructive trust, vendor-lien, proceeds interest, or other interest, if any, that Claimant is later determined to hold must attach to the sale proceeds with the same validity, extent, priority, and defenses, pending further Order of the Court, and funds must be preserved within the Estate to ensure satisfaction.

3. Any Order authorizing a sale should require that disputed sale proceeds be held in a segregated reserve or escrow and not distributed absent further Order of the Court after notice and hearing.

4. Any Sale Order should expressly provide that it does not adjudicate the allowance, amount, validity, priority, or extent of Claimant's Proof of Claim or any other rights, except as necessary to transfer any interest, if any, to proceeds.

5. Claimant objects to any waiver of Bankruptcy Rule 6004(h) unless the Order simultaneously preserves Claimant's rights and secures the reserve and proceeds protections requested herein.

6. As the proposed buyer is an affiliate, insider, or other related party, Claimant requests full disclosure of the relationship, the marketing process, valuation support, arm's-length evidence, and the basis for any requested good-faith finding, as well as all details related to the financing proposed.

7. Claimant reserves all rights to supplement or amend this objection after reviewing the full Sale Motion, all attachments, any proposed Order, the Debtor's schedules, the statements of financial affairs, and any subsequent filings.

PRAYER

WHEREFORE, PREMISES CONSIDERED, the RB Legal Group, PLLC respectfully requests that the Court deny the Sale Motion unless and until the proposed Sale Order is modified to preserve Claimant's rights as set out above, or alternatively condition any sale to provide adequate protection, preserve disputed proceeds, and grant Claimant such other and further relief to which it may be justly entitled.  Claimant further requests a hearing on this Motion prior to any sale or disposition, or Order authorizing any such action.

Dated: May 27, 2026.


Respectfully submitted,

**RB LEGAL GROUP, PLLC**

/s/ Christopher Ramey

_____
Christopher Ramey
FBN:  2506
SBN:  00791480
Scott Breitenwischer
SBN: 02947695

3

215 S. 4th Street
Wallis, TX 77485
713-974-1333(Telephone)
713-974-5333 (Facsimile)
*Ramey@RBLegalGroup.com*
*Sbreitenwischer@RBLegalGroup.com*
*Notice@RBLegalGroup.com*

**COUNSEL FOR CREDITOR**
**RB LEGAL GROUP PLLC**

**<u>DESIGNATED E-SERVICE EMAIL ADDRESS</u>**
**The following is the undersigned attorney's designated e-service email address for all eserved documents and notices, filed and unfiled, pursuant to TEX. R. CIV. P. 21(f)(2) & 21(a) and FED. R. CIV. P. 5: NOTICE@RBLEGALGROUP.COM. This is the undersigned's only e-service email address, and service through any other email address will be considered invalid.**

4

## **Certificate of Service**

I hereby certify that, in accordance with the Federal Rules of Civil Procedure, a true and correct copy of the above and foregoing document was served electronically via the BK CM/ECF Filing System or mailed via United States first class mail, postage-prepaid, to all parties of record, including the below listed counsel, on May 27, 2026.

/s/ Christopher B. Ramey
Christopher B. Ramey

**Debtor, Bella Houston Heights, a Protected Series of Bella FourA, LLC, by and through counsel**

Howard Marc Spector
Spector & Cox, PLLC
12770 Coit Road, Suite 850
Dallas, TX 75251
hspector@spectorcox.com
214-365-5377

**Office of the United States Trustee, Region 6**
Earle Cabell Federal Building
1100 Commerce Street, Room 976
Dallas, TX 75242
ustp.region06@usdoj.gov
214-767-8967

**Interested Party Nicholas Fugedi, as Trustee of the Carb Pura Vida Trust, by and through counsel**
Patrick J. Schurr
Scheef & Stone, L.L.P.
2600 Network Boulevard, Suite 400
Frisco, TX 75034
patrick.schurr@solidcounsel.com
214-472-2100

Johnie J. Patterson
Walker & Patterson, P.C.
4815 Dacoma
Houston, TX 77092
jjp@walkerandpatterson.com
713-956-5577

**Steadfast Defendants / lenders, by and through counsel**
Jennifer D. Cruz
Isaac Villarreal
Kim Lewinski
Dykema Gossett, PLLC
1401 McKinney Street, Suite 1625
Houston, TX 77010
jcruz@dykema.com
ivillarreal@dykema.com
klewinski@dykema.com

Nicholas Fugedi
c/o Anthony Laporte
14201 Memorial Drive
Houston, TX 77079-6701
alaporte@hanszenlaporte.com

Houston ISD
Houston City College
City of Houston
Harris County Tax Assessor
c/o Linebarger Goggan Blair & Sampson
P.O. Box 3064
Houston, TX 77253-3064
houston_bankruptcy@LGBS.com

NewRez LLC
d/b/a Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, SC 29603-0826
mtgbk@shellpointmtg.com

*Service was made electronically through CM/ECF where available, and on all other parties requesting notice as reflected in the docket.*

*/s/ Christopher Ramey*

_____

Christopher Ramey