**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BELLA HOUSTON HEIGHTS,** | § | **Case No. 26-40515** |
| | § | |
| **DEBTOR.** | § | |

**NICHOLAS FUGEDI AS TRUSTREE OF THE CARB PURA VIDA TRUST'S RESPONSE TO DEBTOR BELLA HOUSTON HEIGHTS' MOTION TO DETERMINE EQUITABLE AND LEGAL TITLE TO PROPERTY**

TO THE HONORABLE COURT:

COMES NOW, Nicholas Fugedi as Trustee of the Carb Pura Vida Trust (hereafter "Fugedi") in the above-entitled and numbered cause, and files this Response to Debtor Bella Houston Heights' ("Bella") Motion to Determine Equitable and Legal Title to Property (Doc. 65, the "Motion") and would show unto the Court as follows:

**RESPONSE**

1.     Fugedi admits the allegations in Paragraph 1 of the Motion.

2.     Fugedi admits the allegations in Paragraph 2 of the Motion.

3.     Fugedi admits the allegations in Paragraph 3 of the Motion.

4.     Fugedi admits the allegations in Paragraph 4 of the Motion.

5.     Fugedi admits the allegations in Paragraph 5 of the Motion.

6.     Fugedi admits the allegations in Paragraph 6 of the Motion.

7.     Fugedi denies that it was a party to the litigation referred to in Paragraph 7 of the Motion. Fugedi admits all other allegations in Paragraph 7 of the Motion.

1

8.      Fugedi denies the truthfulness of the purported names of "Fraudulent Release of Lien" and "Fraudulent General Warranty Deed" as given to the two documents by Bella because there is no evidence of such alleged fraud. Fugedi admits Alvarez released RP-2019-317071 and the Property was conveyed to Fugedi on the dates alleged in Paragraph 8 of the Motion.

9.      Fugedi cannot admit nor deny what Steadfast's counsel did during the trial in the State Court case because Fugedi was not a party to that proceeding.  Fugedi admits that the State Court entered a Final Judgment. Fugedi admits the Final Judgment had such language as quoted by Bella and that the Final Judgment was filed as Exhibit N at Docket No. 53 in this case. Fugedi denies the remaining allegations in Paragraph 9 of the Motion.

10.     Fugedi admits there was an appeal, there was an Amended Final Judgment entered, and the Amended Final Judgment was filed as Exhibit O at Docket No. 53 in this Case. Fugedi denies the remaining allegations in Paragraph 10 of the Motion.

11.     Fugedi denies that Steadfast foreclosed on the Property. Fugedi admits that Steadfast filed an invalid substitute trustee's deed in the Real Property Records of Harris County, Texas. Fugedi denies the remaining allegations in Paragraph 11 of the Motion.

12.     Fugedi admits that Steadfast executed the invalid special warranty deed and that Steadfast 829 Yale Holdings, Inc. executed an invalid general warranty deed. Fugedi denies that the general warranty deed from Steadfast 829 Yale Holdings, Inc. to Bella Houston Heights (File No. RP-2023-47374) is the "Current Vesting Deed". Fugedi denies all other allegations in Paragraph 12 of the Motion.

2

13.     The allegations contain legal conclusions and do not require a response in Paragraph 13 of the Motion. To the extent a response is required, Fugedi denies the allegations in Paragraph 13 of the Motion.

14.     Fugedi admits that he claims title through File No. RP-2013-317072, but Fugedi denies that said general warranty deed is fraudulent in any way. The remaining allegations contain legal conclusions and do not require a response in Paragraph 14 of the Motion. To the extent a response is required, Fugedi denies all remaining allegations in Paragraph 14 of the Motion.

15.     The allegations contain legal conclusions in Paragraph 15 of the Motion and do not require a response.

16.     Fugedi admits in part and denies in part the allegations in Paragraph 16 of the Motion.

17.     Fugedi admits in part and denies in part the allegations in Paragraph 17 of the Motion.

18.     Fugedi does not agree with paragraphs 16 and 17 as written by Debtor.  Fugedi has not waived his right to a jury trial and has not consented to the determination by the Bankruptcy Court making any factual determinations.  The Debtor, Steadfast, and Nicholas Fugedi, both personally and as trustee of Carb Pura Vida Trust (together, the "Parties"), have consented to the determination of the Debtor's interest in or title to the Property without the necessity of an adversary proceeding being initiated pursuant to Fed. R. Bank. P. 7001 *et seq*. and to proceed on the basis that no issue of fact

3

exists as the issues were presented to the trial court. The Parties agreed that the nature and extent of the Debtor's interest in or title to (if any) in the Property is a question of law and governed by Texas state property law. If it is determined that a fact issue exists, then Fugedi has not waived any right to his properly requested trial by jury of all fact issues and the Parties seek judgment consistent with Article III of the United States Constitution.

19.     Any Order of this Court entered in connection with this contested matter will not include findings of fact as the Parties have not agreed to waive a jury. Any Order of this Court entered in connection with this contested matter may contain conclusions of law contained therein. All Parties preserve their right to appeal as if this were an adversary proceeding.

## **ARGUMENTS**

20.     Fugedi holds title to the Property at issue as explained by Fugedi's expert, Richard Melamed, and contends that neither Steadfast nor Bella ever actually acquired an interest in the Property. See Exhibit A, Melamed's Declaration. The abstracts prepared by Donald Huebner and Eric Lindahl provide the title history related to the Property. See Exhibits B and C.

21.     Bella claims title through Steadfast's foreclosure on the Property pursuant to the deed of trust, RP-2017-153161 ("Steadfast Deed of Trust"). That purported foreclosure occurred in November 2019. However, the Deed of Trust was released in June 2019 by D&A Alvarez Group, LLC ("D&A Alvarez"), which was recorded as RP-2019-317071 (the "Alvarez Release"). Nothing has ever set aside the Alvarez Release (indeed, the Alvarez Release has never been properly or timely challenged) – the Final Judgment did

4

not set it aside, no other judgment has set it aside, and the Steadfast Deed of Trust was never reinstated.

22.     Texas law is well settled that when a lien is released, there is no lien upon which to foreclose, and the substitute trustee has no power to transfer title to the property at a foreclosure sale pursuant to that lien. *Martin v. Cadle Co.*, 133 S.W.3d 897, 904 (Tex. App. —Dallas 2004).  A subsequent purchaser cannot have obtained title or color of title from the purchaser at a foreclosure sale. *Id.*; *See Sebesta v. Daniels*, 812 S.W.2d 641, 646 (Tex. App.—Houston [14th Dist.] 1991) (conveyance by one without authority or title does not furnish color of title); *Diversified, Inc. v. Walker*, 702 S.W.2d 717, 721 (Tex. App.— Houston [1st Dist.] 1985) (if trustee conducting foreclosure sale had no lawful authority to offer property for sale, purchaser could not acquire title to the property).

23.     Steadfast assigned "all Loan Documents" and "all indebtedness" to Alvarez via the assignment recorded in the public records on February 16, 2018. The Alvarez Release was executed on July 22, 2019 and recorded on July 23, 2019. Fugedi received title to the Property via the deed dated July 22, 2019, and recorded in the property records on July 23, 2019 (the "Fugedi Deed"). The Steadfast Deed of Trust was released when the Alvarez Release was filed at the time that Fugedi received title to the Property.

24.     After the Alvarez Release, Steadfast had no authority to foreclose on the Property. The Alvarez Release was never rescinded by any party or any judge.  The Alvarez Release, entered almost seven years ago, remains in place today. The purported foreclosure conducted by Steadfast on November 5, 2019 was unauthorized by law, meaning the trustee did not pass title to any purchaser.

5

25.     The substitute trustee's deed was invalid because the trustee had no authority to foreclose upon the Property. *Martin,* 133 S.W.3d at 904. Again, Steadfast did not receive title to the Property as a result of the improper foreclosure. Therefore, as a subsequent purchaser, Bella never received title to the Property.

26.     Bella refers to the Alvarez Release as fraudulent, but the Alvarez Release has never been set aside by a court or rescinded despite being recorded for seven years. Bella now does not have standing to set aside the Alvarez Release now because the statute of limitations prohibits the bringing of such claim at this time against a nearly seven-year-old Alvarez Release.

27.     However, for discussion purposes, assuming the Alvarez Release was never filed or that the Alvarez Release was set aside somehow, the Steadfast/Bella claim fails as Steadfast never properly foreclosed on the loan documents, which was Steadfast's collateral, not the Property itself.  Steadfast had to foreclose on its security interest in the loan documents under UCC Chapter 9[1], obtain the loan documents and an interest in the Steadfast Deed of Trust, and *then* foreclose on the Steadfast Deed of Trust. Steadfast never performed those steps. Instead, Steadfast skipped a step and did not have any authority nor was in a proper position to foreclose on the Property under the Steadfast Deed of Trust.

28.     Steadfast and Bella appear to rely on the Final Judgment to justify the November 2019 foreclosure on the Property. There is one major issue with relying on the Final Judgment to foreclose on the Property – the Final Judgment never ordered foreclosure

---

[1] Tex. Bus. & Com. Code § 9.203(a).

6

on the Property. As discussed *supra*, Steadfast never had authority to foreclose on the Property: its collateral was the loan documents themselves, it did not own the rights to the Steadfast Deed of Trust, there was no Court order/judgment ordering foreclosure of the Property, and no order or any other document reinstating the Steadfast Deed of Trust upon which Steadfast could foreclose upon.

29.     Steadfast did not conduct a judicial foreclosure of the Property. The foreclosure was not authorized by the Court. Steadfast attempted a non-judicial foreclosure of a lien that had been released four months prior to the foreclosure.

30.     The Final Judgment was amended in August 2024. In the Amended Final Judgment, the Court did not award Steadfast any relief as to 2017 Yale. In fact, Steadfast's claims against 2017 Yale were dismissed with prejudice under the catch-all provision that all relief not expressly granted was dismissed with prejudice. Once again, Steadfast was not awarded any relief relating to 2017 Yale in the Amended Final Judgment, so it is not possible for there to be any type of interpretation that the foreclosure was Court-ordered.

31.     In a separate case that was in Judge Ellison's court in the Southern District of Texas, Steadfast attempted to set aside the transfer to Fugedi. See *Steadfast 829 Holdings, Inc. v. 2017 Yale Development, LLC*, Case No. H-22-0905 (S.D. Texas) (Doc. 1, page 129). Ultimately, the Court dismissed Steadfast's claims with prejudice, which

includes the fraudulent transfer claim.[2] *Res judicata* and collateral estoppel now preclude

Steadfast and Bella from challenging the Release and the transfer of the Property to Fugedi.

32.     Bella, whose claim to ownership of the Property flows through Steadfast,

does not have any claim or interest in the Property because:

a.  The Alvarez Release was recorded in July 2019;

b.  The Property was conveyed to Fugedi in July 2019;

c.  The October 2019 Final Judgment did not order foreclosure of the Property;

d.  Steadfast never foreclosed on its collateral – the Loan Documents themselves;

e.  The November 2019 foreclosure was improper on the Property;

f.  The November 2019 substitute trustee did not have authority to foreclose on the Property because the Steadfast Deed of Trust was released;

g.  The Alvarez Release was never set aside or rescinded by court order;

h.  The Steadfast Deed of Trust was never reinstated to secure the Property for the Loan Documents in any such way;

i.  The Amended Final Judgment did not order that Steadfast obtain any relief from 2017 Yale, including no right of foreclosure;

j.  The Southern District of Texas dismissed with prejudice Steadfast's claims of fraudulent transfer of the Property; and

k.  Fugedi, as trustee, is the record title holder of the Property – he has never conveyed the Property to any other person or party.

---

[2] The Court had an issue as to the proper name of the party bringing the suit. Steadfast seemed to file the lawsuit under the wrong name and attempted to dismiss the case at the end in order to avoid an adverse ruling. The Court dismissed the Steadfast claims with prejudice in that case.

8

In short, Bella could never have acquired more than Steadfast possessed and, as Steadfast never properly acquired an interest in the Property, Bella equally holds no interest in the Property.  Title to the Property properly lies with and in Fugedi.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Nicholas Fugedi as Trustee of the Carb Pura Vida Trust prays that Debtor Bella Houston Heights' Motion to Determine Equitable and Legal Title to Property be denied.

Respectfully Submitted,

Scheef & Stone, LLP

By: */s/Patrick J. Schurr*
Patrick J. Schurr
Texas Bar No. 17853530
Patrick.schurr@solidcounsel.com
2600 Network Blvd., Suite 400
Frisco, Texas 75034
Telephone: (214) 472-2100
Facsimile: (214) 472-2150

**ATTORNEY FOR NICHOLAS FUGEDI, AS TRUSTEE OF THE CARB PURA VIDA TRUST**

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 10, 2026, a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, to wit:

By: */s/Patrick J. Schurr*
Patrick J. Schurr