**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Bella Houston Heights, | § | Case No. 26-40515 |
| | § | |
| *Debtor.* | § | |
| | § | |

**ORDER ON WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF SG ALTERNATIVE TITLE TRUST 2025-NPL2'S MOTION TO INTERVENE, OR IN THE ALTERNATIVE, FOR LEAVE TO APPEAR AND BE HEARD, AND TO FILE THE ATTACHED MOTION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

On August 11, 2026, the Court conducted a hearing (the "***Hearing***") on the Motion to Intervene, or in the Alternative, for Leave to Appear and Be Heard, and to File the Attached Motion in Support of Motion for Summary Judgment [ECF No. 75] (the "***Motion***") filed by Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of SG Alternative Title Trust 2025-NPL2 ("***SG Alternative Title***"). The Court has considered the Motion, the objection of Nicholas Fugedi, as Trustee of the CARB Pura Vida Trust, thereto [ECF No. 78] (the "***Objection***"), SG Alternative Title's reply in support of the Motion [ECF No. 85], the record in this case, and the statements and arguments of counsel presented at the Hearing. For the reasons stated by the Court on the record at the Hearing, which are incorporated herein by reference, the Court FINDS and CONCLUDES as follows:

**A.** This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K), and (O). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**B.** Notice of the Motion and of the Hearing was appropriate under the circumstances, and no other or further notice is required.

**C.** The Debtor's Motion to Determine Equitable and Legal Title to Property [ECF No. 65] (the "***Title Contested Matter***") is a motion in the main bankruptcy case and constitutes a contested matter governed by Fed. R. Bankr. P. 9014, and not an adversary proceeding, as contemplated by the Agreed Order and Stipulation [ECF No. 64] entered June 17, 2026.

**D.** SG Alternative Title asserts a lien against the real property and improvements located at 829 Yale Street, Houston, Texas 77007 (the "***Property***"), which is the real property at issue in the Title Contested Matter. To the extent SG Alternative Title asserts such a lien, it is a real party in interest with respect to the Property and is a party in interest in this chapter 11 case within the meaning of 11 U.S.C. § 1109(b).

**E.** The Court's ruling in the Title Contested Matter may affect the interests asserted by SG Alternative Title. All parties in interest have the right to be heard on any issue in a case under chapter 11. *See* 11 U.S.C. § 1109(b).

It is therefore ORDERED, ADJUDGED, and DECREED that:

**1.** Intervention is not required. Because the Title Contested Matter is a motion in the main bankruptcy case rather than an adversary proceeding, and because all parties in interest have the right to be heard therein, formal intervention is not required in order for SG Alternative Title to appear and be heard in the Title Contested Matter.

**2.** SG Alternative Title is a party in interest with respect to the real property at issue in this bankruptcy case and, therefore, is a party in interest entitled to be heard. SG Alternative Title is authorized to appear, be heard, and participate in the Title Contested Matter.

**3.** In the alternative, and to the extent formal intervention is required, the Motion is GRANTED and SG Alternative Title is permitted to intervene in the Title Contested Matter. Solely to the extent necessary to give effect to this paragraph, the Court directs pursuant to Fed. R. Bankr. P. 9014(c) that Fed. R. Bankr. P. 7024 shall apply to the Title Contested Matter.

**4.** The Objection is OVERRULED.

**5.** SG Alternative Title's Motion in Support of Bella Houston Heights' Motion for Summary Judgment [ECF No. 75-1], together with the exhibits thereto, which was served on all parties on July 17, 2026, is deemed accepted as filed and shall be treated as a brief in support of the Debtor's Motion to Determine Equitable and Legal Title to Property [ECF No. 65], in accordance with the Court's Order entered August 4, 2026 [ECF No. 88].

**6.** This Court retains jurisdiction to interpret and enforce the terms of this Order.

Signed on 8/19/2026

Brenda T. Rhoades KC

HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE